

FILED
Nov 18, 2024
01:51 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Christopher Cutsinger | ) Docket Nos. 2021-06-0007 |
| | ) 2022-06-1079 |
| v. | ) |
| | ) State File Nos. 48212-2020 |
| AT&T Mobility Services, LLC, et al. | ) 26837-2022 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded

---

In this second interlocutory appeal, the employee again challenges the trial court's decision not to conduct another expedited hearing at the employee's request and, rather, set a scheduling hearing. We affirm the trial court's order, find the employee's appeal frivolous, and assess a penalty for the filing of a frivolous appeal. The case is remanded to the trial court.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Christopher Cutsinger, Hendersonville Tennessee, employee-appellant, pro se

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellee, AT&T Mobility Services, LLC

### Order[1]

As an initial matter, we note that this appeal involves two separate claims, one arising from an alleged accident occurring in July 2020 and a second arising from an alleged accident occurring in February 2022. The trial court and the parties have treated

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

the claims as consolidated. The court has conducted hearings in which both claims were addressed and issued orders applicable to both cases. Although the two claims involve significant overlap in terms of the parties involved, the injuries alleged, and the relief sought, they are, according to the records we have received, two separate claims. However, no order of consolidation is contained in the record. On this occasion, we will treat these cases as consolidated for purposes of the appeal.[2]

According to his notice of appeal and brief, the employee-appellant ("Employee") is seeking "revision" of prior court orders. Specifically, Employee states in his brief that he "seeks a revision to an expedited hearing order filed Feb[.] 11, 2022." He reiterates that statement with respect to the expedited hearing order filed on October 19, 2022. However, any appeal of those specific orders was required to be filed on or before the seventh business day after entry of the order. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A) (2023); Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(a) (2023). Thus, to the extent Employee is attempting to appeal either the February 11, 2022 order or the October 19, 2022 order, any such appeal is untimely and is dismissed.

If, however, Employee is asking us to conclude the trial court erred in its August 30, 2024 order in declining to conduct another expedited hearing at his request, we must consider whether the trial court abused its discretion in refusing to do so. *See Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & 2015-01-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016). As noted above, the trial court has already conducted two expedited hearings in these cases: one in February 2022 and a second in September 2022. Other than discovery-related filings not at issue in this appeal, the current record contains no new evidence for the trial court's consideration. All evidence received by the trial court to date was previously available and considered by the trial court in its previous orders.

Employee correctly asserts that expedited hearing orders are not final and are subject to revision at any time before a final compensation order is entered. *See, e.g.*, *Love v. Love Mgmt., Inc.*, No. 2020-06-0102, 2022 TN Wrk. Comp. App. Bd. LEXIS 9, at *28 (Tenn. Workers' Comp. App. Bd. Feb. 23, 2022) (Conner, J., concurring) ("[T]he trial court's order is interlocutory in nature and 'is subject to revision at any time prior to the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.'") (quoting Tenn. R. Civ. P. 54.02). However, Employee has offered no new evidence for the court's consideration. Thus, Employee is essentially asking us to compel the trial court to review the same evidence and come to a different conclusion.

---

[2] A detailed discussion of the facts of both claims is contained in our opinion in the initial appeal of these matters. Those facts are not relevant to this appeal. *See Cutsinger v. AT&T Mobility Services, LLC*, Nos. 2021-06-0007 & 2022-06-1079, 2024 TN Wrk. Comp. App. Bd. LEXIS 29 (Tenn. Workers' Comp. App. Bd. July 22, 2024).

In the prior expedited hearings, the trial court heard testimony, weighed documentary evidence, and issued orders, neither of which were appealed, and no appropriate motion to alter or amend was filed as allowed by the Tennessee Rules of Civil Procedure. Since those orders were issued, Employee has obtained no medical opinion to contradict the medical proof currently in the record, and he has been placed at maximum medical improvement by all of his authorized physicians. Moreover, although we agree with Employee that a physician's determination of maximum medical improvement does not serve as a bar to a claim for additional benefits, Employee has presented no evidence that any authorized physician has stated the additional treatment he seeks is causally related to either reported work accident.

In short, a court is under no obligation to hold duplicative hearings to review the same evidence and address issues previously litigated and decided. Trial courts are tasked with managing their dockets and controlling the pace of litigation. *See, e.g.*, *Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411, at *3 n.2 (Tenn. Workers' Comp. Panel June 20, 2012) ("trial judges have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases"). Here, we conclude the trial court did not abuse its discretion in declining to conduct another expedited hearing to reconsider evidence it has already reviewed.

The employer-appellee has asked that we deem the appeal frivolous and award a penalty, attorneys' fees, and/or costs. As courts have stated on previous occasions, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding," *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015), or one that is devoid of merit or brought solely for delay, *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (internal citations omitted). We find Employee's appeal frivolous. He filed a notice of appeal seeking benefits he has previously sought and been denied, but he failed to submit any additional proof. Considering our disposition of the previous appeal, this appeal had no reasonable chance of succeeding. Therefore, pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.09(4), we assess a penalty in the amount of $500.00, which Employee shall pay to the employer-appellee as a result of this frivolous appeal.

The trial court's order is affirmed, and the case is remanded to the trial court. Costs on appeal are taxed to Employee.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Christopher Cutsinger | ) | Docket Nos. | 2021-06-0007 |
|---|---|---|---|
| | ) | | 2022-06-1079 |
| v. | ) | | |
| | ) | State File Nos. | 48212-2020 |
| AT&T Mobility Services, LLC, et al. | ) | | 26837-2022 |
| | ) | | |
| | ) | | |
| Appeal from the Court of Workers' | ) | | |
| Compensation Claims | ) | | |
| Joshua D. Baker, Judge | ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher Cutsinger | | | | X | gotsync@bellsouth.net |
| Garett P. Franklyn | | | | X | gpfranklyn@mijs.com<br>dmduignan@mijs.com<br>cacole@mijs.com<br>ssshell@mijs.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov